# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION NO. 5:14-cv-0822** |
| **La. DOC #111111** | |
| **VS.** | **JUDGE ELIZABETH E. FOOTE** |
| **JUDGE HORNSBY, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Harold Joe Black filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 14, 2014.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On March 27, 2000, plaintiff was convicted of distribution of cocaine; thereafter he was adjudicated a second felony offender and sentenced to serve 15 years at hard labor in the matter entitled *State of Louisiana v. Harold Joe Black*, Docket No. 194,296 of the First Judicial District Court, Caddo Parish.  His conviction and sentence were affirmed on appeal. *State of Louisiana v. Harold Joe Black*, 34,688 (La. App. 2 Cir. 5/9/2001), 786 So.2d 289, *writ denied*, 2001-1781 (La. 5/20/2002), 815 So.2d 831.

His numerous collateral attacks on his conviction and sentence were ultimately rejected by the Louisiana courts.  See *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2003-2866 (La. 11/15/2004), 887 So.2d 468; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2003-3282 (La. 1/7/2005), 891 So.2d 672, reconsideration denied, 903 So.2d 440 (La.

6/3/2005); *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2004-2587 (La. 6/24/2005), 904 So.2d 738; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2004-3074 (La. 6/24/2005, 904 So.2d 725; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2007-1166 (La. 3/14/2008), 977 So.2d 927, reconsideration denied, 979 So.2d 1274 (La. 5/2/2008); *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2008-2412 (La. 8/20/2009), 15 So.3d 1008; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2009-2107 (La. 8/18/2010), 42 So.3d 400, reconsideration denied, 50 So.3d 821 (La. 11/5/2010); *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2012-0665 (La. 9/12/2012), 98 So.3d 304; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2013-1070 (La. 10/25/2013), 124 So.3d 1094; *State of Louisiana ex rel. Harold Joe Black v. State of Louisiana*, 2013-1997 (La. 4/4/2014), — So.3d —, 2014 WL 1423326.

His attempts to collaterally attack his conviction and sentence in this Court were also unsuccessful. *Harold Joe Black v. Warden*, No. 5:04-cv-1815 (*habeas corpus* dismissed without prejudice for failure to exhaust available state court remedies), Certificate of Appealability (COA) denied, *Black v. Warden*, No. 05-30396 (5th Cir. 2006); *Harold Joe Black v. Warden*, No. 5:05-cv-2187 (*habeas corpus* dismissed with prejudice on the merits), COA denied, *Black v. Warden*, No. 09-30517 (5th Cir. 1/26/2010); Rule 60(b) Motion denied as second/successive, then COA denied, *Black v. Warden*, No. 11-31209 (5th Cir. 6/5/2012); *Black v. Warden*, No. 5:10-cv-1620 (determined to be second/successive and ultimately dismissed when the Fifth Circuit denied authorization to file); *Black v. Warden*, 5:11-cv-2139 (also determined to be second/successive and dismissed when petitioner failed to timely petition the Fifth Circuit for permission to file).

The Fifth Circuit has, as noted above, twice denied plaintiff authorization to file

successive *habeas* petitions. *In re: Harold Black*, Nos. 10-30405 and, 13-30246. A motion

seeking authorization for filing yet another successive petition is presently pending before the

Fifth Circuit. *In re: Harold Black*, No. 14-30160.

 During the course of his incarceration, plaintiff has filed numerous civil actions which

were dismissed as frivolous or for failing to state a claim for which relief may be granted. See for

example, *Black v. Wilkinson, et al.,*  No. 1:04-cv-2489 (frivolous); *Black v. Winn Corrections*

*Center, et al.*, No. 1:04-cv-2532 (frivolous); *Black v. LeBlanc, et al.*, No. 1:09-cv-1024

(frivolous); *Black v. Wade Correctional*, No. 02-30625, 61 Fed. Appx. 919, 2003 WL 1109913

(appeal denied as frivolous by the 5th Circuit); *Black v. Fort-Wade Corrections, et al.*, No. 5:05-

cv-1125 (dismissed as frivolous and appeal dismissed as frivolous and three strikes bar imposed

by the Fifth Circuit Court of Appeals, *Black v. Fort-Wade, et al.*, No. 06-30171 (5th Cir. 2006)

(202 Fed. Appx. 791 at 2006 WL 3019297), *cert. denied*, 549 U.S. 1285 (2007) and rehearing

denied 550 U.S. 929 (2007); *Black v. LeBlanc, et al.*, No. 5:11-cv-1714 (failure to state a claim).

 Plaintiff was released from custody on May 30, 2013. He filed the instant complaint on

April 14, 2014, and paid the full filing fee.  In this civil action plaintiff sues:

 (1) United States District Judge S. Maurice Hicks,

 (2) United States Magistrate Judge Mark L. Hornsby,

 (3) former Caddo Parish Sheriff Don Hathaway,

 (4) his former deputies Rick Farris and

 (5) April Wright,

 (6) former DEA Agents Steve Joe and

 (7) Carl Tyler,

3

(8) Allen Harris, plaintiff's retained counsel between 1999-2000,

(9) J. Ransdell Keene, plaintiff's retained counsel in 2000,

(10) former Caddo Parish Assistant District Attorney Donna Hall,

(11) William D. Hall, retained post-conviction counsel between 2002-2003,

(12) Richard Stalder, former Louisiana DOC Secretary and,

(13) James LeBlanc, current Louisiana DOC Secretary.

Plaintiff claims that these defendants conspired with one another and with others to deprive him of his Fourth Amendment Right to be free from unlawful search and seizure, and his Fifth and Fourteenth Amendment Rights to Due Process and Equal Protection, and his Sixth Amendment Right to competent representation and a fair trial with regard to the investigation, arrest, prosecution, conviction, adjudication, and imprisonment of the plaintiff pursuant to the Caddo Parish criminal prosecution under Docket Number 194,296; he also claims that these defendants conspired with one another and others to deny his rights to Due Process and Equal Protection with regard to the denial of his appeal and the State and Federal collateral attacks of his conviction, adjudication, and sentence.[1]

---

[1] While difficult to decipher, it appears that plaintiff contends that (1) Asst. District Attorney Hall and Judge Scott exceeded their jurisdictions by upholding plaintiff's arrest; (2) that they and others failed to obtain prior authorization from the Louisiana Attorney General with regard to the surreptitious recording of the drug deal involving plaintiff; (3) that the defendants conspired to bring him to trial in  the First Judicial District Court, a court which lacked jurisdiction; (4) that the defendants conspired to violate plaintiff's due process rights by introducing the audio tape of the drug deal which was obtained without prior authorization of the Attorney General; (5) that the defendants engaged in a conspiracy and arrested plaintiff without probable cause; (6) that plaintiff's arrest, detention, and confinement was the result of a conspiracy in violation of various rights; (7) Judge Scott conspired (presumably with the other defendants) to give an unlawful jury instruction which resulted in plaintiff's conviction; (8) the Judges of the Second Circuit Court of Appeals conspired to violate plaintiff's rights when they affirmed his conviction on direct appeal; (9) the judges at the parish, State, and Federal level

4

He seeks compensatory damages from these defendant for his arrest without probable cause and his wrongful conviction and  imprisonment for 15 years and for the erroneous affirmance of his conviction, adjudication, and sentence by the Second Circuit Court of Appeals on direct review. He seeks damages for the denial of due process, for the deprivation of his right to confront the alleged co-conspirators, the deprivation of his right of compulsory process, and his right of effective assistance of counsel. [Doc. 1, ¶V]

### Law and Analysis

Plaintiff is not a prisoner; nor is he proceeding *in forma pauperis*. Therefore, the screening

---

conspired to deprive plaintiff of his Constitutional rights by denying his various collateral attacks on his conviction; (10) the prosecutor, judge, and his defense attorney conspired to interfere with plaintiff's trial preparation, gave improper closing arguments, and improper jury instructions at trial; (11) the prosecutor and defense attorney conspired to violate plaintiff's right to discovery of exculpatory evidence; (12) the DEA agents conspired when they authenticated an audio tape to allow for its admission into evidence at trial; (13) the defendants conspired with respect to the unlawfully recorded audio tape; (14) defendants conspired to provide a transcription of the inaudible audio tape; (15) the defendants conspired to deny plaintiff's motion to suppress the audio tape; (16) the defendants conspired to mislead the jury with regard to the audio tape; (17) the defendants conspired to deny plaintiff's right to confront the witnesses; (18) the defendants conspired to deprive plaintiff of exculpatory evidence; (19) post-conviction counsel was ineffective when he conspired with the defendants to deprive plaintiff of post-conviction relief; (20) the defendants conspired to deprive plaintiff of his opportunity to retain an audio expert to testify at his post-conviction hearing; (21) the defendants conspired to have petitioner adjudicated an habitual offender; (22) petitioner's attorney rendered ineffective assistance with regard to challenging the testimony of the confidential informant; (23) counsel conspired with others to deprive plaintiff of his rights during the habitual offender hearing; (24) appellate counsel rendered ineffective assistance and failed to obtain exculpatory evidence and reversal of plaintiff's conviction; (25) Judge Hicks and Magistrate Judge Hornsby conspired to deprive petitioner of habeas corpus relief; (26) Hicks and Hornsby also erred when they denied plaintiff's habeas corpus petitions and his Rule 60(b) motions; (27) prosecutor erroneously raised and succeeded in having plaintiff's application for post-conviction relief dismissed as time-barred; (28) Judge Marcotte conspired with the defendants to dismiss plaintiff's post-conviction application as time-barred; (29) conspiracy between the District Attorney and the Clerk of Court to deny production of Court records requested by plaintiff; and, (30) conspiracy resulting in the erroneous denial of plaintiff's motion for contempt. [Doc. 1, ¶ IV]

provisions of Title 28 U.S.C. §§1915 and 1915A are not applicable. However, in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (*per curiam* ) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974)), the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." The court of appeals also held that *sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480 (citing *Dilworth v. Dallas County Community College District*, 81 F.3d 616, 617 (5th Cir.1996)).

Plaintiff contends, or implies, that his arrest, prosecution, conviction, and incarceration amounted to false arrest, malicious prosecution, and false imprisonment. He contends that the defendants conspired to deprive him of the rights guaranteed under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution and he seeks money damages from each of the defendants for these alleged violations of his Constitutional rights. He also contends that some of the defendants – Judge Hicks, Magistrate Judge Hornsby, and others –  violated his due process rights when they denied his direct appeal and his various collateral attacks in this Court and the Courts of Louisiana. He prays for compensatory damages. Given plaintiff's history, as documented above, it is clear that his complaint is legally frivolous and thus subject to *sua sponte* dismissal.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional

... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at  487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

    If the court were to grant plaintiff the damages he seeks  under the facts of this case, such ruling would necessarily implicate the validity of his conviction and sentence.  Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have  been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiff has failed to make such a showing. Indeed, as shown above, plaintiff's numerous attempts to attack the verdict on appeal and by way of collateral attack have proved fruitless. Consequently, his claims for monetary damages against the defendants are "legally frivolous." *Hamilton*, 74 F.3d 102-103.  (A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

7

Plaintiff claims that he is entitled to damages from the Assistant District Attorneys who prosecuted his case and who defended the conviction from plaintiff's post-conviction attacks. These claims are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Further, plaintiff's claims against Judge Hicks and Magistrate Judge Hornsby should also be denied on the basis of judicial immunity. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994);  *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996).  Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Plaintiff's claims against his attorneys fare no better, but for a different reason.  Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive

rights; it merely provides a method for vindicating federal rights conferred elsewhere."
*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999).  "To state a claim
under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws
of the United States, and must show that the alleged deprivation was committed <u>by a person
acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40
(1988)(emphasis supplied).

　　　Criminal defense attorneys, whether retained or court-appointed, are not "state actors and
therefore cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v.
Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  Consequently,
plaintiff's claims against his attorneys are also frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109
S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### *Conclusion and Recommendation*

　　　In summary, plaintiff is a non-prisoner who has paid the full filing fee. Nevertheless, it is
clear from the pleadings that his claims against ALL of the defendants are legally frivolous and
barred by the jurisprudential doctrine enunciated in *Heck v. Humphrey, supra*.  It is equally clear
that plaintiff's claims against Judge Hicks, Magistrate Judge Hornsby, the Louisiana judges and
prosecutors mentioned in his pleadings must be denied insofar as plaintiff seeks money damages
from these defendants, all of whom are immune from suit. Furthermore, plaintiff's claims against
his attorneys are legally frivolous because those defendants are not "state actors" and thus not
subject to suit pursuant to Section 1983.

　　　Finally, given plaintiff's history of filing frivolous complaints and successive petitions,
SANCTIONS are in order. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous and for seeking money damages from defendants who are immune from suit; and,

**IT IS FURTHER RECOMMENDED** that plaintiff be **SANCTIONED** and prohibited from filing any new civil action in this District without prior approval and authorization of the Chief Judge of this District.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, May 15, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**